**GUSRAE KAPLAN NUSBAUM PLLC**

ATTORNEYS AT LAW

RICHARD DEVITA
TIMOTHY FEIL
SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
PAUL A. LIEBERMAN
LAWRENCE G. NUSBAUM

29 BROADWAY – SUITE 1200
MAILING – SUITE 1110
NEW YORK, NEW YORK 10006

170 MONTAUK HIGHWAY
SUITE 4
SPEONK, NEW YORK 11972

TEL. (212) 269-1400

www.gusraekaplan.com

OF COUNSEL
ROBERT L. BLESSEY


August 6, 2026

***VIA ECF***
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: **United States v. Victor Bozzo, No. 1:23-cr-00499-AS (S.D.N.Y.) — Letter-Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1)**

Dear Judge Subramanian:

I represent defendant Victor Bozzo in the above-referenced matter. I write, pursuant to 18 U.S.C. § 3583(e)(1) and Your Honor's Individual Practices, to respectfully request that the Court terminate the remainder of Mr. Bozzo's term of supervised release. As set forth below, Mr. Bozzo has fully complied with every condition of his supervision and his changed circumstances and exceptionally good behavior warrant relief beyond the compliance that supervision itself requires. Mr. Bozzo has outlined his ongoing work and continued compliance in a letter to your Honor, which is attached as Exhibit A.

## I. BACKGROUND

On August 26, 2024, the Court sentenced Mr. Bozzo to twelve months and one day of imprisonment, to be followed by a two-year term of supervised release, following his guilty plea to a single count of conspiracy to commit securities fraud, to make false filings with the Securities and Exchange Commission, and to improperly influence the conduct of audits, in violation of 18 U.S.C. § 371. (Dkt. 72.) The Court did not order restitution. The Court ordered forfeiture of $225,000, payable in equal monthly installments within two years of Mr. Bozzo's release from custody, and imposed a $100 special assessment. (Id.)

Mr. Bozzo self-surrendered as ordered on November 1, 2024, and was designated to Fort Dix Correctional Institution. He was released from custody on May 13, 2025, and then entered the Newark Halfway House where he was subsequently released on June 9, 2025. He has since been supervised by the U.S. Probation Office for the District of New Jersey. He has now served more than one year of his two-year term of supervised release, satisfying the statutory prerequisite for relief under 18 U.S.C. § 3583(e)(1).

## II. MR. BOZZO'S COMPLIANCE

Since his release, Mr. Bozzo has fully complied with every condition of his supervision. He has reported to and cooperated fully with his supervising probation officers, Taylor Petronzio, followed by Alyssa Withers and now Juliana Adeola, at all times as instructed; has maintained full-time, lawful employment as Manager of USA

Operations for Glotell US, Corp., a subsidiary of the V-Tell Group of Companies, headquartered in Hallandale Beach, Florida. Mr. Bozzo has remained current on all monthly forfeiture installment payments under the schedule set forth in the judgment; has paid the $100 special assessment in full; has completed the outpatient treatment program required as a special condition of supervision; and has had no arrests, charges, investigations, or violations of any kind during his supervision.

## III. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release and discharge the defendant "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). *See* United States v. Lussier, 104 F.3d 32 (2d Cir. 1997).

The Second Circuit has held that early termination is available to "account for new or unforeseen circumstances" — for example, a defendant's "exceptionally good behavior" that renders the originally-imposed term "either too harsh or inappropriately tailored to serve" the purposes of supervision. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Mr. Bozzo's circumstances are such that early termination of supervised release is warranted.

## IV. ARGUMENT

Application of the § 3553(a) factors, together with the changed circumstances described above, favors early termination. Mr. Bozzo's underlying conduct, while serious, was non-violent and financial in nature; he accepted responsibility promptly by pleading guilty; and he has since demonstrated full compliance with every condition of his release, remaining current on all financial obligations, including the forfeiture installment schedule having made 14 of the 24 scheduled monthly forfeiture installment payments to date, with only 10 payments remaining.

Mr. Bozzo's position as Manager of USA Operations for Glotell US requires him to travel to the company's Florida headquarters and coordinate directly with its leadership. On at least one occasion, the company's Chairman required Mr. Bozzo's in-person presence on short notice, and Mr. Bozzo was initially unable to obtain timely travel permission from Probation, receiving authorization only at the last minute. Probation approval of travel is difficult when travel suddenly and unexpectedly is required. The job itself cannot always provide sufficient notice to meet the time required to obtain permission. This burden was not contemplated at sentencing and one that directly threatens his ability to maintain his lawful, stable employment.

Additionally, Mr. Bozzo's father resides in Florida, and supervision-related travel restrictions have limited his ability to see him. Mr. Bozzo’s son is a high school senior, for whom Mr. Bozzo needs flexibility to travel for college visits, and his daughter resides in

Wisconsin. Continued close restriction on travel unnecessarily burdens Mr. Bozzo's ability to maintain these family relationships.

Prior to filing this letter-motion, the undersigned reached out to Assistant United States Attorneys Allison Nichols and Thomas Somerset Burnett, and have not yet heard the position of the Assistant United States Attorney’s office.[1] Counsel also outreached to The Probation Office, and heard from Taylor Petronzio, who informed us that the Probation Office does not take a position on early termination.

## V. CONCLUSION

For the foregoing reasons, Mr. Bozzo respectfully requests that the Court terminate the remainder of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

We thank the Court for its attention to this matter.

Respectfully,

/s/ Martin H. Kaplan
Martin H. Kaplan

cc: All counsel of record (via ECF)

Having received no objection from the Government, the application is GRANTED. The Court hereby terminates the defendant's remaining term of supervised release.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 96.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Dated: September 2, 2026

[1] Should the Government's position be received, Mr. Bozzo will supplement this letter accordingly.

# EXHIBIT A

The Honorable Arun Subramanian

United States District Judge

Southern District of New York

500 Pearl Street, Courtroom 15A

New York, New York 10007

8/5/2026

Dear Judge Subramanian,

I am writing to give you an update on my journey since we last met. First, I wanted to thank you for the fairness you showed me,  and the kind words you said to me, my family and friends , which gave them  great comfort while I was away and helped them to support and still believe in me even when I didn't believe in myself.

I observed, watching television, that you personally had a very intense year and after watching it I wanted you to know that I appreciated even more the thoughtfulness and consideration you took with me in reviewing my case. I was left with a  desire to prove I was worthy of a second chance.

You may not recall,  but you issued me a challenge that day . You told me I could journey back from this and that I had reasons to try. I wanted you to know those words resonate with me every day . I began that day writing a release plan that would guide my time in there and afterwards, which I would review and live by even to this day. I have included a copy of that original plan . I do not expect you to read the whole thing, but I wanted to summarize the key points .

I committed to dedicating my time to reading with a purpose only relevant books, to use my skillset to help others, and to focus on my sobriety and health and to move forward with a positive and pleasant attitude to demonstrate to my case workers , family and friends my commitment to prove I had embraced those challenges . I recognized that my rehabilitation was not only about me personally or restoring monetary loss.  It was about making the most of my time and living with meaning, usefulness and humility also.

While at Ft Dix I worked in landscaping at the base . I dedicated myself to treating the property as I would my own . The people I worked with were from all walks of life and I believe they were inspired by my dedication to this mantra as we engaged in beautification

projects of the warden's office , base entry booth, and visitor's entrance . Our supervisor was recognized for those projects by his superiors, and I have included his note on my work ethic . I also volunteered to tutor other innates in math as they pursued their GED . I was happy to help five people pass an exceedingly difficult test and rewarded by their genuine gratitude toward me. I also read fourteen classic literary works and reported on why I read them and what they meant to me. I took several classes on interfaith and conflict management and a certified multi-month alcohol treatment program . In addition to that I was inspired by a particular group of guys who were training people to live healthier and positively and joined their early morning exercise group . In addition to losing thirty-five pounds, I committed to helping them to turn their dream of making their fitness program into an accepted BOP class and a path for their future afterwards. Since I have come home, I have taken their plan and built them a website , a prototype of their modified picnic table and a business plan which I have turned over to their wives and children with the support of my probation officer .

Due to one of my case workers having their own legal issues during my time away I was not afforded any home confinement time. However, since I have come home. I had been under strong supervision and have worked full time from the first day home to prove to probation services my commitment, While it has not been easy, I have made timely payments to SDNY and earned a transition to light supervision as a result .

I genuinely appreciate the challenge you put to me, and I hope someday you can be proud of the way I have conducted myself as a result . My family and company have been very accommodating to my supervisory requirements, and I am lucky to have that support . During pre-trial I was able to travel to my office in Florida and also to the tri-state area without pre-approval. During supervised release I have had an incredibly positive experience with all of the probation and court officers I have interacted with. I do need at least two weeks of notice to travel outside of NJ, NY and PA and one month for international , which is difficult in my current role as sometimes our clients and management expect me to go on shorter notice so I have simply told them it's not possible for me . I long for the opportunity to better fulfill my work duties once I am allowed to travel more freely, also to visit my daughter in Wisconsin who moved there for work while I was away , to visit my father in his home and to take my son on college visits this year .

I genuinely believe this experience and what you said to guide me has made me a more positive , healthy, pleasant, and more present son , father , husband, friend and human being and for this I am truly grateful .

As mentioned, my experience with the court officers has been extremely positive and supportive . I wanted to ask if you would consider affording me a time modification to my

supervised release to allow me to move forward with my next step of rebuilding and supporting my family.

Humbly and gratefully ,

Victor Bozzo